UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY RAY CHANDLER, SR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 16-2141 (BAH) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on the defendants' Motion to Dismiss, ECF No. 5. For the reasons discussed below, the motion will be granted.

**I. BACKGROUND**

The plaintiff is in the custody of the Federal Bureau of Prisons ("BOP") and was incarcerated at the Administrative Maximum United States Penitentiary in Florence, Colorado ("ADX Florence") at all times relevant to the Complaint. Defs.' Mem. of P. & A. in Support of Mot. to Dismiss ("Defs.' Mem."), Decl. of Patrick Kissell ("Kissell Decl.") ¶ 2. He alleges that, on July 8, 2016, he "attempted to serve the defendants [in a separate civil action in the Superior Court of the District of Columbia] by certified mail[, and] the Unit Counselor told [him] that the BOP will not pay the postage for certified mail." Compl., ECF No. 1-1 at 2. According to the plaintiff, the BOP and its former Director, Charles Samuels, Jr., are "factually guilty of malicious interference and denial of access to the Court." *Id*. The plaintiff demands a judgment in his favor, *id.* at 1, monetary damages of $75,000, *id*., and a "permanent restraining ORDER ordering

1

the defendant[s] to pay the postage for indigent Plaintiff[]s to make service of process by certified mail," *id*. at 2 (emphasis in original).

The BOP's Administrative Remedy Program is the means by which inmates may "seek formal review of any aspect of their confinement." Kissell Decl. ¶ 4. It "is typically a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of the General Counsel." *Id*.; *see id*. ¶ 5. The "process is not complete until the Office of General Counsel replies, on the merits, to the inmate's [request]." *Id*. ¶ 5 (citing 28 C.F.R. § 542.18). The BOP's declarant states that the plaintiff submitted 19 formal administrative remedy requests between July 8, 2016 and December 1, 2016. *Id*. ¶ 7. Two advanced to the Office of General Counsel, *id*. ¶ 8, and neither "involves the allegations set forth in the Complaint in this action," *id*. ¶ 9. Therefore, the declarant avers, the "[p]laintiff did not exhaust his remedies as related to complaints against the defendants raised in the present case through BOP's Administrative Remedy Program." *Id.* ¶ 10. His review of "the BOP's Administrative Tort Claims database [reveals that the p]laintiff did not submit any administrative tort claims related to the claims alleged in this litigation." *Id*. ¶ 11.

## II. DISCUSSION

The plaintiff filed his complaint in the Superior Court of the District of Columbia on July 19, 2016, and the defendants removed the action on October 25, 2016. *See* Notice of Removal, ECF No. 1. Accompanying their notice was a statement certifying "that Charles Samuels, Jr. was acting within the scope of his employment as an employee of the United States at the time of the . . . incidents" alleged in the Complaint. Certification, ECF No. 1-2. The defendants filed the instant motion to dismiss or for summary judgment on December 22, 2016.

On December 23, 2016, the Court issued an Order, ECF No. 6, advising the plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court.

Specifically, the Court notified the plaintiff that, if he failed to file an opposition or other response to the defendants' motion by January 27, 2017, the Court would treat the pending dispositive motion as conceded. *See* D.D.C. Local Civil Rule 7(b) (permitting court to "treat . . . as conceded" a motion not met with a timely opposing memorandum of points and authorities). To date, the plaintiff has not filed an opposition to the pending motion, requested more time to file an opposition, or advised the Court of any change of address.[1]

Under these circumstances, the Court ordinarily would grant the defendants' motion as conceded. The United States Court of Appeals for the District of Columbia Circuit recently has raised concerns, however, about the application of Local Civil Rule 7(b) to grant an unopposed motion to dismiss. *See Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016). In light of this ruling, the Court briefly addresses the merits of the defendants' arguments for dismissal on the ground that the plaintiff has not exhausted his administrative remedies. The Court presumes without deciding that the complaint adequately alleges a claim of "malicious interference" and that venue in this district is proper for purposes of this Memorandum Opinion.

A. Federal Tort Claims Act

The plaintiff's demand for monetary damages arises from action allegedly taken by Mr. Samuels within the scope of his federal employment. The Court treats the plaintiff's claim as one under the Federal Tort Claims Act ("FTCA") against the United States directly. *See* 28 U.S.C. § 2679(b)(1), (d)(1).

---

[1] The plaintiff did file a motion on January 13, 2017 to hold this motion in abeyance for 30 days pending his return to ADX Florence from the Federal Medical Center in Springfield, Missouri, where he had been transferred on or about September 7, 2016, without his case files. *See generally* Pl.'s Mot. for Abeyance, ECF No. 7. He has not filed an opposition or any other document since. The motion will be denied.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute. *See id*. The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). Limitations under and exceptions to the FTCA doom the plaintiff's claims. Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail. The failure of an agency to make final disposition of a claim *within six months after it is filed* shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, the defendants show that the plaintiff did not file an administrative tort claim with the BOP, *see* Kissell Decl. ¶ 11, and therefore failed to exhaust his administrative remedies under the FTCA. Furthermore, if the Complaint were construed as one bringing a malicious interference with contract claim, the claim is expressly excluded from FTCA coverage. *See* 28 U.S.C. § 2680(h) (excluding "[a]ny claim arising out of . . . abuse of process, . . . or interference with contract rights").

B. Prison Litigation Reform Act

The plaintiff faces a different set of exhaustion requirements if the Court were "to conclude that [the plaintiff's] claims should be governed by the administrative processes required under the Prison Litigation Reform Act ('PLRA')." Defs.' Mem. at 7.

In relevant part, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002); *see Jones v. Bock*, 549 U.S. 199, 211 (2007). Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply with procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001). It is an affirmative defense, *Jones*, 549 U.S. at 216, which "the defendants have the burden of pleading and proving," *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (quoting *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (internal quotation marks omitted)).

The defendants demonstrate that neither of the administrative remedy requests filed by the plaintiff between June 8, 2016 and December 1, 2016 which reached the final step of the administrative remedy process pertains to the defendants' alleged interference with the plaintiff's effort to serve process on defendants by certified mail in another civil action. Thus, the defendants demonstrate that the plaintiff failed to exhaust his administrative remedies under the FTCA and the PLRA.

5

## III. CONCLUSION

The Court concludes that the plaintiff failed to exhaust his administrative remedies before filing this civil action, and, therefore, the Court will grant the defendants' motion to dismiss. An Order consistent with this Memorandum Opinion is issued contemporaneously.

DATE: April 24, 2017 /s/ *Beryl A. Howell*

                                                             BERYL A. HOWELL
                                                             United States District Judge